IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT IVAN MIXEMONG, and ) | |
| CHRISTINA FAY MIXEMONG, ) | |
| ) | |
| Debtors. ) | Bankruptcy No. 11-00648 |
| ) | |
| CHRISTINA FAY MIXEMONG, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No. 11-9032 |
| ) | |
| U.S. DEPARTMENT OF ) | |
| EDUCATION, ) | |
| Defendant. ) | |

**ORDER RE: UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS**

This matter came before the court for telephonic hearing on the Motion to Dismiss filed by the U.S. Department of Education. Richard L. Boresi represented Plaintiffs/Debtors Robert Ivan and Christina Fay Mixemong. Larry Kudje represented U.S. Department of Education. After presentation of arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

The following factual background is taken from the pleadings and filings in the case.  Debtor filed a Complaint to Determine Dischargeabiity of outstanding student loans owed to the U.S. Department of Education (DOE).  Debtor claims that she owes the DOE approximately $84,219.06 on the unpaid student loans.  Debtor acknowledges student loans are non-dischargeable in this Chapter 7 bankruptcy unless the Debtor shows an "undue hardship" results from requiring her to continue paying the loans.  Debtor claims that, right now, her "current income falls short of her expenses by more than $1,000.00 per month."  She claims this as her "undue hardship."

DOE has filed a Motion to Dismiss.  DOE claims Debtor failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  DOE in particular argues that Debtor fails to state a plausible claim of "undue hardship" under the Supreme Court's pleading standards set forth in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  Debtor resists, and argues the Complaint satisfies the pleading standards of Iqbal and Twombly.  In the alternative, Debtor requests leave to amend the Complaint.

## CONCLUSIONS OF LAW

**A. Standards for a Motion to Dismiss under Rule 12(b)(6)**

The Bankruptcy Rules follow the Federal Rules of Civil Procedure standards for dismissal and requirements for pleading. Bankruptcy Rule 7012 specifically notes: "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings." Defendant moves for dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

In order to determine whether a complaint states a "claim upon which relief can be granted," courts look to what a party is required to plead. Again, Bankruptcy Rule 7008(a) provides: "Rule 8 F.R.Civ.P. applies in adversary proceedings." Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

As this Court recently discussed in detail in <u>Sarachek v. Right Place, Inc.</u> (<u>In re Agriprocessors, Inc.</u>), No. 08-02751, Adv. No. 10-09123, 2011 WL 4621741 (Bankr. N.D. Iowa Sept. 30, 2011), the standard for ruling on a motion to dismiss under the Federal Rules has received new attention from the Supreme Court in the last few terms. "To survive a motion to dismiss, a complaint must contain **sufficient factual matter, accepted as true, to 'state a claim to relief that is**

3

**plausible on its face**.""  Iqbal, ___ U.S. ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555) (emphasis added).

When evaluating a Rule 12(b)(6) motion, this court views factual allegations in the complaint in the light most favorable to the non-moving party.  Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 715-16 (8th Cir. 2011).  There are, however, two constraints on this principle:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss … where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-50.  Moreover, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

Consistent with the Supreme Court's directives, the Court first identifies "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 129 S. Ct. at 1950.  Second, to the extent that the complaint contains "factual" allegations, the Court assumes the truth of those facts and determines whether they plausibly give rise to an entitlement of relief.  Id.

4

**B. Undue Hardship under 11 U.S.C. § 523(a)(8)**

To determine what a debtor must plead to make a plausible claim that a student loan should be discharged requires an examination of the elements of the claim at issue.  See <u>SHF Holdings v. Allamakee County</u>, No. 10-09070, 2010 WL 4342060 at *3 (Bankr. N.D. Iowa October 27, 2010).  Those standards are found in 11 U.S.C. § 523.  Section 523(a)(8) states the general rule that student loans are not dischargeable and the exceptions.  It provides:

> (a) A discharge under section 727 … does not discharge an individual debtor from any debt—
>
> (8) **unless excepting such debt from discharge** under this paragraph **would impose an undue hardship** on the debtor and the debtor's dependents, for—
>
> (A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8) (emphasis added).  The parties agree that the loan in question is the type of educational loan described by 11 U.S.C § 523(a)(8).  The

question here is whether Debtor can establish an "undue hardship" if the loans are not discharged.

Courts addressing student loan discharge issues "apply a totality-of-the-circumstances test in determining undue hardship under § 523(a)(8)." In re Jesperson, 571 F.3d 775, 779 (8th Cir. 2009) (citing In Re Long, 322 F.3d 549, 554 (8th Cir. 2003)). Under the totality of circumstances test, courts "consider (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the reasonable living expenses of the debtor and her dependents; and (3) any other relevant facts and circumstances surrounding the particular bankruptcy case." In re Walker, 2011 WL 3611663 at *2 (8th Cir. 2011) (citing In re Long, 322 F.3d at 554). "Other relevant facts and circumstances" include the debtor's "young age, good health, number of degrees, marketable skills, and lack of substantial obligations to dependents or mental or physical impairments," all which "weigh in favor of **not** granting an undue hardship discharge." Jesperson, 571 F.3d at 780 (emphasis in original).

The courts impose a "rigorous" burden on the debtor to prove undue hardship by a preponderance of the evidence. Id. "[I]f the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt while still allowing for a minimal standard of living then the debt should not be discharged." Long, 322 F.3d at 554. A debtor must show more than ordinary

6

financial difficulties in order to receive a discharge of student loan debt. See In re Sederlund, 440 B.R. 168, 174 (B.A.P. 8th Cir. 2010) ("the current economic climate cannot be a basis for meeting the high standard for dischargeability because everyone is in this recession together"). Likewise, "a debtor is not entitled to an undue hardship discharge … when his current income is the result of self-imposed limitations, rather than lack of job skills…." Jesperson, 571 F.3d at 782.

Finally, "when the size of the debts is the principal basis for a claim of undue hardship, the generous repayment plans Congress authorized the Secretary of Education to design and offer under the William D. Ford Federal Direct Student Loan Program become more relevant." Jesperson, 571 F.3d at 781. The most generous Ford plan, the Income Contingent Repayment Plan ("ICRP"), allows eligible borrowers to make "varying annual repayment amounts based on the income of the borrower, paid over an extended period of time … not to exceed 25 years." 20 U.S.C. § 1087e(d). See Jesperson, 571 F.3d at 781. Under some circumstances, this can substantially reduce monthly student loan payments. See, e.g., Sederlund, 440 B.R. at 175.

### C. Factual Allegations in Debtor's Complaint Fail to Sufficiently Plead a Claim

Debtor claims that her current monthly income falls short of her expenses by more than $1,000.00 per month. This is a factual assertion, considered to be true for the purpose of this analysis. Debtor then claims that "being required to pay the

7

claim of the U.S. Department of Education would impose an extreme hardship on the Plaintiff and her dependents." In contrast to the specific factual allegation regarding Debtor's income and expenses, this statement is no more than a recitation of the required legal elements and receives no presumption of truth. Iqbal, 129 S. Ct. at 1949.

Debtor fails to explain why her debt exceeds her monthly income or to offer any facts to support her claim that she will suffer an undue hardship. The Court finds that Debtor has not pleaded plausible facts sufficient to support a claim for relief under § 523(a)(8). While Debtor need not state every fact possibly relevant to a totality of the circumstances analysis at the pleading stage, Debtor's claim in her Complaint is "so indeterminate that [it] requires[s] 'further factual enhancement' to state a claim." Braden, 588 F.3d at 594 (quoting Twombly, 550 U.S. at 557).

While Debtor does present a fact that is consistent with an undue hardship claim, that alone is not sufficient to "nudge" her claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 547. Ultimately, "[i]t is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." Iqbal, 127 S. Ct. at 1951.

8

**D. Standards Governing Amending Pleadings**

Debtor has requested a chance to amend her Complaint if it is deficient. "Courts should freely allow a party to amend a pleading when justice so requires." Fed. R. Bankr. P. 7015 (a)(2); see also Olsen v. Paulsen (In re Paulsen), No. 08-30044, 2008 WL 4442520 at *2 (Bankr. N.D. Iowa October 1, 2008). "Courts should liberally grant leave to amend a pleading unless compelling reason, such as prejudice to an opposing party, exists." Right Place, 2011 WL 4621741 at *8 (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). When a complaint fails to meet minimal pleading requirements, an amended pleading is preferable to dismissal if "justice would be better served" by giving the plaintiff a second chance. Paulsen, 2008 WL 4442520 at *2.

"The decision on a request to amend is left to the discretion of the trial court." Right Place, 2011 WL 4621741 at *8 (citing Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment." Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). Courts "generally prefer to decide claims on their merits instead of on their pleadings."

<u>Wisdom</u>, 167 F.3d at 409 (citations omitted). "[P]arties should usually be given at least one chance to amend their complaint." <u>Id.</u> (citation omitted).

Given the early stages of these proceedings, amendment is preferable to dismissal. There is no prejudice to Defendant. Defendant has provided no reason for denying Debtor an amendment. In fact, defendant appeared to agree at the telephonic hearing on Defendant's Motion to Dismiss that allowing amendment would be appropriate. For all these reasons, the Court will allow Debtor to amend instead of dismissing the case.

**WHEREFORE**, Defendant's Motion to Dismiss for Failure to State a Claim is DENIED.

**FURTHER**, this Court grants Plaintiff's request to amend claims according to the pleading standards adopted by the Court in this order.

**FURTHER**, Plaintiff shall have 30 days from the date of this order in which to file the amended complaint. Once Plaintiff has filed her amended complaint, the Defendant will have 21 days in which to answer.

Dated and Entered:
November 9, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE